IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TANYA J. CLARKE,<br>17185 Pickwick Dr.<br>Purcellville, VA 20132,<br><br>      Plaintiff,<br><br>v.<br><br>RENNER, HANSBOROUGH, & REESE, INC.,<br><br>SERVE:   Secretary<br>              Jan Symons<br>              5783 Crownleigh Ct.<br>              Burke, VA 22015<br><br>   and<br><br>LOREN FITZHUGH REESE,<br><br>SERVE:   5783 Crownleigh Ct.<br>              Burke, VA 22015<br><br>      Defendants. | Civil Action No.: 1:18-cv-862-TSE/MSN |

## COMPLAINT

COMES NOW the plaintiff, Tanya J. Clarke ("Ms. Clarke" or "Plaintiff"), by and through her undersigned counsel, and for her Complaint against the defendants, Renner, Hansborough, & Reese, Inc. ("RHR") and Loren Fitzhugh Reese ("Reese"), states as follows:

### NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Ms. Clarke seeks to recover unpaid wages and commissions pursuant to the FLSA and breach of contract. Ms. Clarke further seeks to recover attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(a) because those claims are part of the same controversy as Plaintiff's FLSA claims.

4. This Court has personal jurisdiction over Defendants because the work Plaintiff did for Defendants was primarily performed in the Eastern District of Virginia and Defendants regularly conduct business in the Eastern District of Virginia.

5. Venue is proper in this district and in this division by virtue of 28 U.S.C. § 1391 (b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Tanya J. Clarke is an adult resident and citizen of the Commonwealth of Virginia.

7. Upon information and belief, Renner, Hansborough, & Reese Inc., is organized under the laws of Maryland doing business in the Commonwealth of Virginia.

8. Upon information and belief, Loren Fitzhugh Reese, is adult resident of the state of Maryland and the owner, President, and treasurer of RHR.

## FACTUAL BACKGROUND

9. Upon information and belief RHR performs services in Virginia, Maryland, and the District of Columbia.

10. Upon information and belief RHR's has annual gross sales in an amount greater than $500,000.00.

11. RHR employed Ms. Clarke to perform home appraisal services.

12. At all relevant times, Reese had the authority to hire and fire Ms. Clarke.

13. During her employment Ms. Clarke performed home inspections and home appraisals in Virginia and Maryland.

14. RHR compensated Ms. Clarke on a commission basis, paying her a percentage of the invoice for the inspections and appraisals that she performed.

15. RHR invoiced its clients $100.00 for home inspections.

16. Ms. Clarke received a 50% commission for her home inspections.

17. RHR invoiced its clients varying rates between $400.00 and $650.00 for home appraisals.

18. Generally, Ms. Clarke received a 50% commission for her home appraisals and on some occasions she received a 30% commission.

19. In completing a home appraisal, Ms. Clarke would work approximately 4 hours.

20. In completing a home inspection, Ms. Clarke would work approximately one half hour.

21. In addition to the time it took to complete the appraisal or inspection, Ms. Clarke would commute from her home in Purcellville, Virginia to the location of the home that was being inspected or appraised.

22. At all relevant times, Reese knew the volume of homes being assigned to Ms. Clarke as well as the locations of the homes.

23. In time period of October 2017 through January 2018, Ms. Clarke performed approximately 67 appraisals and 14 inspections and worked approximately 275 hours.

24. In the course of performing the 67 appraisals and 14 inspections Ms. Clarke spent approximately 48 hours driving.

25. To date, Defendants have not paid Ms. Clarke her commissions from October 2017 through January 2018.

26. To date, Defendants have not paid Ms. Clarke any wages for the hours that she worked during the months of October 2017, November 2017, December 2017, and January 2018.

27. During the relevant time, RHR had advanced Ms. Clarke $3,300.00.

## COUNT I
### (Violation of the FLSA Wage Requirements – All Defendants)

28. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

29. Defendants did not properly compensate Plaintiff for all of the hours Defendants required her to work and/or for all hours which Defendant permitted her to work with the actual or constructive knowledge of Defendant.

30. From October 2017 through January 2018, Ms. Clarke has worked approximately 371 hours.

31. Defendants have not paid Ms. Clarke any wages for the hours that she worked during the period of October 2017 through January 2018.

32. By reason of the foregoing, Defendants failed to pay Plaintiff the required minimum wage and Plaintiff is due unpaid minimum wages in the amount of $2,689.03, or an amount to be proven at trial, and the same amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT II
### (Breach of Contract – Unpaid Commissions – Defendant RHR)

33. Plaintiff restates and realleges the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

34. Plaintiff and Defendant had an agreement whereby Defendant employed Plaintiff to perform home appraisals and home inspections and Defendant paid her commissions.

35. From October 2017 through January 2018, Ms. Clarke performed approximately 67 appraisals and 14 inspections.

36. Her commissions based on those appraisals and inspections totals $16,933.20.

37. Defendant breached the agreement by failing to pay Plaintiff her commissions for the 67 appraisals and 14 inspections in the amount of $16,933.20.

38. By reason of the foregoing, Plaintiff has been damaged and is due unpaid commissions, less the advance of $3,300, in the amount of $13,633.20, or an amount to be proven at trial.

## COUNT III
### (Quantum Meruit - In the Alternative to Count II– All Defendants)

39. Plaintiff restates and realleges the allegations contained in the Paragraphs 1 through 27 of the Complaint as if fully set forth herein. Plaintiff restates and realleges the allegations contained in the Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

40. From October 2017 through January 2018, Plaintiff worked approximately 371 hours for the benefit of Defendants.

41. From October 2017 through January 2018, Plaintiff performed approximately 67 appraisals and 14 inspections for the benefit of Defendants.

42. Defendants were aware of the work that Plaintiff performed for their benefit.

43. As a result of the work that Plaintiff performed, Defendants received payments in the amount of $34,983.00.

44. Defendants have failed to provide Ms. Clarke compensation for the work that she formed.

45. By reason of the foregoing, Defendant is due compensation for the services she performed in the amount of $13,633.20, or an amount to prove at trial.

## COUNT IV
### (Unjust Enrichment - In the Alternative to Count II and III – All Defendants)

46. Plaintiff restates and realleges the allegations contained in the Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

47. From October 2017 through January 2018, Plaintiff performed approximately 67 appraisals and 14 inspections for the benefit of Defendants.

48. As a result of the work that Plaintiff performed, Defendants received payments in the amount of $34,983.00.

49. Defendants have retained the entire amount of money received from the appraisals and inspections performed by Plaintiff, in the amount of $34,983.00.

50. By reason of the foregoing, Defendant has been unjustly enriched in the amount of $34,983, or an amount to prove at trial.

## PRAYER FOR RELIEF

Plaintiff demands judgment against the Defendants in the following amounts:

a) On Count I against all Defendants: $2,689.03 in unpaid minimum wages, $2,689.03 in liquidated damages (or such an such amount as may be proven at trial), and reasonable attorney's fees under 29 U.S.C. § 216(b);

b) On Count II against RHR: $13,633.20. (or an such amount as may be proven at trial);

c) On Count III, in the alternative to Count II, against all Defendants: $34,983.00(or such amount as may be proven at trial);

d) statutory post-judgment interest; and

e) costs.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

*/s/ Philip C. Krone*

John C. Cook, VA Bar #38310
Philip C. Krone, VA Bar #87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*

7